NO CV-30　　　　　　　　　　　　Fee Paid



ORIGINAL

Vincent Lucas
P.O. Box 272
Amelia, OH 45102
(513) 947-1695
vincentlucaslegal@gmail.com
Plaintiff



# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

LACV1900585 VAP (PLAx)

| | |
|---|---|
| VINCENT LUCAS, | |
| Plaintiff, | |
| vs. | Case No. |
| RODOLFO SALAZAR, | |
| NEXINTERACTIVE INC., a business | **COMPLAINT** |
| incorporated in California, | **JURY TRIAL DEMANDED** |
| 310 NETWORK INC., a business | |
| incorporated in Delaware, | |
| and | |
| The company doing business as | |
| NexInteractive and which advertises its | |
| services on nexinteractive.com, | |
| Defendants. | |



1. This Court has jurisdiction over the claims under 47 U.S.C. § 227(c) and 15 U.S.C. § 45. This Court has supplemental jurisdiction over the state law claims. This venue is appropriate because the Defendants reside in the Central District of California. Namely,

COMPLAINT - 1

Rodolfo Salazar is a resident of Monterey Park, California and operates each of the defendant businesses out of his home in Monterey Park.

2. In July 2002, Cincinnati Bell assigned the phone number (513) 947-1695 to my residential telephone line in Amelia, Ohio. That phone number has been assigned to my residential phone line ever since. Hereafter, all references to my residential telephone line are in regards to the line assigned to (513) 947-1695.

3. The phone number (513) 947-1695 is on the national Do Not Call registry (http://donotcall.gov) and has been since July 1, 2003.

4. The Defendants do not have an "established business relationship" with me as that term is defined in 47 U.S.C. § 227(a)(2) and 47 C.F.R. § 64.1200(f)(4) and I have not given the Defendants express invitation or permission to call me. I do not have an "established business relationship" with the company on behalf of which the Defendants initiated calls to me and I have not given that company express invitation or permission to call me.

5. Rodolfo Salazar is the owner and CEO of NexInteractive Inc. and 310 Network Inc.

6. Rodolfo Salazar owns and operates the Defendant described in the caption as "the company doing business as NexInteractive and which advertises its services on nexinteractive.com" (hereinafter that company shall be called "Nexinteractive.com").

7. On information and belief, Nexinteractive.com is the same company as NexInteractive Inc.

8. However, in other litigation, Rodolfo Salazar has at times acknowledged that NexInteractive.com is NexInteractive Inc. and at other times claimed that NexInteractive.com is some other company that he owns. For that reason, Nexinteractive.com is named as a separate defendant.

9. On Feb. 3, 5, 16, and 18, 2015, I received telephone calls to my residential phone line initiated by NexInteractive Inc. The purpose of each call was to sell me residential electric services. My caller ID displayed (440) 721-4682 as the caller during each call.

10. 310 Network Inc. acquired the telephone number (440) 721-4682 and provided it to NexInteractive Inc. for use in telemarketing.

COMPLAINT - 2

11. Alternatively, if NexInteractive Inc. did not initiate the calls from (440) 721-4682, then 310 Network Inc. or Nexinteractive.com initiated the calls.

12. NexInteractive Inc., Nexinteractive.com or 310 Network Inc. was calling on behalf of a Competitive Retail Electric Service provider who is subject to the jurisdiction of the Public Utilities Commission of Ohio.

13. Rodolfo Salazar, acting alone or in concert with others, personally formulated, directed, controlled, had the authority to control, or participated in the acts and practices of 310 Network Inc., NexInteractive Inc., and NexInteractive.com set forth in this Complaint.

14. The unwanted telemarketing calls caused actual injury to me. Among other things, the telemarketing calls annoyed me, were a nuisance, and intruded upon the peace and quiet of my home.

15. The Defendants willfully violated the Federal Telephone Consumer Protection by the actions described in the proceeding paragraphs. The calls were made to a number listed on the national Do Not Call registry, in violation of 47 U.S.C. § 227(c).

16. The Defendants have not implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c).

17. The Defendants conspired with the Competitive Retail Electric Service ("CRES") provider to violate 47 U.S.C. § 227(c). The Defendants entered into an agreement with the CRES provider to initiate telemarketing calls, on behalf of the CRES provider, using the Defendants' predictive dialer, with knowledge by the Defendants and the CRES provider that many of the calls would be made to telephone numbers on the national Do Not Call registry when neither the Defendants nor CRES provider has an established business relationship with the called person or permission by the called person to be called and there is no applicable exemption to the federal Do Not Call regulations under which the calls would be lawful. As a result of that agreement, I received the calls that are the subject of this lawsuit.

COMPLAINT - 3

18. Each call by the Defendants violated a regulation of the Public Utility Commission of Ohio ("PUCO"), to wit Ohio Admin. Code § 4901:1-21-05(C)(5), by "[e]ngaging in telephone solicitation of individuals who have been placed on the federal trade commission's 'do not call' registry and who are not otherwise exempted".

19. The Defendants also violated Ohio Admin. Code § 4901:1-21-05(C)(4) by soliciting via telephone calls without first obtaining a list of Ohio individuals on the national Do Not Call registry and without obtaining monthly updates of the national DNC registry for the appropriate area code.

20. A Competitive Retail Electric Service provider ("CRES") is a "public utility" under Ohio Rev. Code § 4905.03. Ohio Rev. Code § 4905.04 grants the PUCO the power to regulate CRES providers.

21. Ohio Rev. Code § 4905.61 states that "if any public utility does, or causes to be done, any act or thing ... declared to be unlawful, or omits to do any act or thing required by ... order of the public utilities commission", the damages otherwise available are automatically trebled. The calls described herein by, or on behalf of, a CRES provider are acts declared to be unlawful, and therefore damages are mandatorily trebled under § 4905.61. Failure to obtain a list of Ohio individuals on the national DNC registry is an omission of an act required by order of the PUCO, and therefore that too triggers the mandatory trebling. The "damages" to be trebled under § 4905.61 include damages of any type, including statutory and exemplary damages.

22. The persistent, unwanted telephone calls initiated by the Defendants as described herein invaded my right to privacy by unreasonable intrusion into the solitude and seclusion of my home.

23. Salazar has failed to follow the corporate formalities necessary to recognize NexInteractive Inc., Nexinteractive.com, and 310 Network Inc. as corporations, distinct and separate from each other and from Salazar.

24. For example, 310networks.com is the internet site for 310 Network Inc. Yet, 310networks.com is registered to and owned by NexInteractive, not 310 Network Inc.

COMPLAINT - 4

However, 310 Network Inc. is not owned by NexInteractive. There is no clear distinction between NexInteractive and 310 Network Inc.

25. Salazar is not able to keep his story straight as to which company operates nexinteractive.com. At times, he has admitted that nexinteractive.com is operated by NexInteractive Inc. At other times, he has denied it and claimed that one of his other companies operates that website. Since Salazar cannot even tell which of his companies does what, there is no meaningful distinction between any of the companies.

26. NexInteractive Inc., Nexinteractive.com, and 310 Network Inc. are all alter egos for Salazar. Each act of NexInteractive Inc., Nexinteractive.com, and 310 Network Inc. described herein was directed by Salazar. The Defendant companies are a mere facade for the actions of Salazar.

27. Salazar's control over the Defendant companies was so complete that the companies had no mind, will, or control of their own.

28. Recognition of the Defendant companies as corporations distinct from Salazar would be inequitable or unjust and would result in the derogation of the rights of others to receive damages due to them by virtue of the illegal acts of Salazar performed under the guise of Defendant companies. Accordingly, this Court should pierce the corporate veil and/or treat the Defendant companies as alter egos of Salazar and hold Salazar liable for the actions of the Defendant companies.

29. The Defendants performed the actions described in the preceding paragraphs willfully and knowing that the actions violate the TCPA and state law. The Defendants performed these actions with the purpose of deriving profit from causing tortious injury, namely invading my right to privacy, and the Defendants should have reasonably expected that their actions would cause this injury. The Defendants performed these actions with willful, reckless disregard of my rights, and hence the actions demonstrate malice.

30. Salazar continues to operate and transact business using the corporations NexInteractive Inc. and 310 Network Inc. despite the fact that both corporations are suspended in California by the Franchise Tax Board for failure to pay corporation taxes.

COMPLAINT - 5

NexInteractive Inc. and 310 Network Inc. were suspended when I received each of the calls. Salazar has violated Cal. Rev. & Tax. Code § 23301 by exercising the corporate powers of NexInteractive Inc. and 310 Network Inc. while the corporations are suspended.

31. Salazar's use of the name "NexInteractive" to refer to any company other than his corporation NexInteractive Inc. is purposely misleading, deceptive, and is an unfair or deceptive trade act or practice in or affecting interstate commerce in violation of 15 U.S.C. § 45 and California law. Salazar's use of "NexInteractive" to refer to some company other than NexInteractive Inc. is intentionally designed to confuse others as to which company is responsible for the actions committed under the name "NexInteractive" and confuse persons injured by "NexInteractive" as to which of Salazar's companies should be sued.

32. Nexinteractive.com conducts interstate commerce. Nexinteractive.com conducts business in many states, has clients in many states, its services are used to make telephone calls to persons in many states, and Salazar's use of "NexInteractive" to refer to any company other than his corporation NexInteractive Inc. affects interstate commerce.

33. Salazar's allegation that "NexInteractive" refers to some company other than NexInteractive Inc. has caused injury to me, namely extra litigation cost and expense due to uncertainty as to which of Salazar's companies should be sued.

34. Salazar's allegation that "NexInteractive" refers to some company other than NexInteractive Inc. has caused extra litigation cost and expense in the case *Lucas v. Desilva Automotive Services, Inc., et al.*, in the Southern District of Ohio. Numerous documents were filed litigating the issue of which company is responsible for the services advertised on nexinteractive.com under the name "NexInteractive". Numerous documents were filed litigating the issue of which company Salazar was referring to when he used the name "NexInteractive" in his *pro se* letters to the court. Such injury occurred in 2017 and 2018 and continues to occur.

WHEREFORE, the Plaintiff asks that the Court grant him all the following relief:

1. $18,000 in damages, calculated as follows: $1500 for each call which violated 47 U.S.C. § 227(c), and pursuant to Ohio Rev. Code § 4905.61, treble the damages that would otherwise be awarded against the Defendants.

2. Find that each Defendant is jointly and severally liable for the damages.

3. Permanent injunction prohibiting each Defendant from violating 47 U.S.C. § 227.

4. Declaratory judgment that Salazar violated California law by exercising the corporate powers of NexInteractive Inc. and 310 Network Inc. while both corporations were suspended.

5. Declaratory judgment that Salazar's use of the name "NexInteractive" to refer to any company other than his corporation NexInteractive Inc. is an unfair or deceptive trade act or practice in violation of 15 U.S.C. § 45 and California law.

6. Permanent injunction forbidding Salazar from exercising the corporate powers of 310 Network Inc. or NexInteractive Inc. while such corporations are suspended in California.

7. Permanent injunction forbidding Salazar and any of his businesses from using the name "NexInteractive" to refer to any company other than NexInteractive Inc.

8. Compensatory and punitive damages for all costs, expenses, and other injury caused by Salazar's use of "NexInteractive" to refer to some company other than NexInteractive Inc. and Salazar's allegation that "NexInteractive" refers to some company other than NexInteractive Inc.

9. Costs, interest, and such other relief as the court may deem appropriate.

Respectfully submitted,

_____

Vincent Lucas
Plaintiff

COMPLAINT - 7

1. $18,000 in damages, calculated as follows: $1500 for each call which violated 47 U.S.C. § 227(c), and pursuant to Ohio Rev. Code § 4905.61, treble the damages that would otherwise be awarded against the Defendants.

2. Find that each Defendant is jointly and severally liable for the damages.

3. Permanent injunction prohibiting each Defendant from violating 47 U.S.C. § 227.

4. Declaratory judgment that Salazar violated California law by exercising the corporate powers of NexInteractive Inc. and 310 Network Inc. while both corporations were suspended.

5. Declaratory judgment that Salazar's use of the name "NexInteractive" to refer to any company other than his corporation NexInteractive Inc. is an unfair or deceptive trade act or practice in violation of 15 U.S.C. § 45 and California law.

6. Permanent injunction forbidding Salazar from exercising the corporate powers of 310 Network Inc. or NexInteractive Inc. while such corporations are suspended in California.

7. Permanent injunction forbidding Salazar and any of his businesses from using the name "NexInteractive" to refer to any company other than NexInteractive Inc.

8. Compensatory and punitive damages for all costs, expenses, and other injury caused by Salazar's use of "NexInteractive" to refer to some company other than NexInteractive Inc. and Salazar's allegation that "NexInteractive" refers to some company other than NexInteractive Inc.

9. Costs, interest, and such other relief as the court may deem appropriate.

Respectfully submitted,

_____

Vincent Lucas

Plaintiff

COMPLAINT - 7